UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| DONALD EUGENE THOMAS, | ) CASE NO. CV 11-4443-ODW (PJW) |
|---|---|
| Petitioner, | ) |
| v. | ) ORDER TO SHOW CAUSE WHY PETITION ) SHOULD NOT BE DISMISSED |
| TERRI GONZALES, WARDEN, | ) |
| Respondent. | ) |

On May 24, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, seeking to challenge his 2006 state court convictions for murder, attempted murder, and assault with a deadly weapon. (Petition at 2.) For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred.

State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner's conviction became final on November 6, 2007, ninety days after his petition for review was denied by the California Supreme Court on August 8, 2007. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, Petitioner was required to file his federal habeas corpus petition no later than November 6, 2008.

On February 8, 2008, seven months before the statute of limitations expired, Petitioner filed a habeas corpus petition in this court (CV 08-895-ODW (RC)), which was dismissed with leave to amend. Petitioner then filed a First Amended Petition on March 7, 2008. On June 25, 2010, the court determined that this petition was a "mixed" petition, containing both exhausted and unexhausted claims and offered Petitioner the opportunity to strike or dismiss the unexhausted claims and proceed only on the exhausted claims. On July 16, 2010, Petitioner requested that the court dismiss the petition. On September 2, 2010, the court granted his request and dismissed the petition without prejudice.

Meanwhile, on August 16, 2010, Petitioner filed a habeas corpus petition in the California Supreme Court, which was denied on February 23, 2011. As noted above, Petitioner filed the instant Petition on May 24, 2011.

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In the instant case, Petitioner did not file his first state habeas petition until August 16, 2010, almost two years after the expiration of the statute of limitations. Thus, there was no period left to be tolled statutorily when he filed his state habeas petition in 2010. *See Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (holding that state habeas petition filed after statute of limitations had expired could not toll the limitation period).

Nor did Petitioner's filing of his first federal habeas corpus petition in February 2008 toll the statute of limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding statute of limitations

not tolled during pendency of federal petition). Further, Petitioner's instant Petition cannot relate back to his first federal petition because he voluntarily dismissed that petition. *See Green v. White*, 223 F.3d 1001, 1002-03 (9th Cir. 2000)(holding that the "voluntary dismissal of his earlier habeas petition in order to exhaust his state remedies" means that "there was no petition pending to which the new petition could relate back or amend" (internal quotations omitted)). Accordingly, statutory tolling does not save the Petition.

The statute of limitations is subject to equitable tolling in appropriate cases. *See Holland v. Florida,* __ U.S. __, 130 S. Ct. 2549, 2560 (2010). Here, however, Petitioner has presented no basis for tolling the limitations period. Accordingly, the Petition appears to be untimely.

IT IS THEREFORE ORDERED that, no later than **July 1, 2011**, Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations. Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: June 1, 2011.

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\THOMAS, D 4443\OSC dismiss pet.wpd

3